# United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 517-012-18 |
| | * | |
| LAKENDRA NORTON, | * | |
| | * | |
| Defendant. | * | |

**ORDER**

Before the Court are Defendant Lakendra Norton's letter/motion seeking a waiver of the two-level firearm enhancement to her guideline calculation, as well as her motion for a copy of her plea agreement. Dkt. Nos. 835, 842.

After pleading guilty to conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C), Defendant was sentenced to sixty months' imprisonment, a downward variance from the applicable advisory imprisonment range of 121 to 151 months under the Sentencing Guidelines. She filed no appeal.

Approximately eleven months after judgment was entered in her case, Defendant sent a letter to the Court asking the Court to "waive" the two-level firearm enhancement to her guideline calculation. Dkt. No. 835. She asserts that she "wasn't charged with a gun" and "didn't find out until [her] papers came back for RDAP," or Residential Drug Abuse Program, showing that

she is ineligible for a reduction in sentence. Id. She also states that her "lawyer never went over this with [her]." Id.

Because Defendant was attempting to attack the legality of her sentence, the Court notified Defendant that it "intend[ed] to recharacterize her motion as a [28 U.S.C.] § 2255 motion for ineffective assistance of counsel" unless Defendant contested such recharacterization. Dkt. No. 838 at 2 (citing Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition)). The Court directed the Clerk to send Defendant a copy of the standard form for § 2255 motions "in case she decides to amend her filing to include additional § 2255 claims." Id. n.1.

Soon thereafter, Defendant filed a Motion to Vacate pursuant to § 2255. Dkt. No. 846. The Court recently ruled upon that motion, denying it on the merits. See Dkt Nos. 1095, 1098, 1099.

Defendant's letter/motion requesting waiver of the gun enhancement having been addressed along with her § 2255 motion, it is now **DENIED as moot.** Similarly, her motion for a copy of her plea agreement, dkt. no. 842, is **DENIED.**

**SO ORDERED** this 25 day of April, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA